UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>v.<br><br>LAURA RICH,<br><br>Defendant. | Case No. 3:26-cv-05535 Silver v. Rich<br><br>ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. 1915(E)(2)(B) |

## I. INTRODUCTION

This case is before the Court based on its review of the record. On May 22, 2026, self-represented Plaintiff Frederick O. Silver filed a proposed complaint against Defendant Laura Rich. Dkt. 1-1. The same day, Mr. Silver filed a motion for leave to proceed *in forma pauperis*, meaning without paying the filing fee. Dkt. 1. On May 28, the Honorable Grady J. Leupold, United States Magistrate Judge, granted Mr. Silver's motion to proceed IFP but cautioned that the assigned District Judge would review the complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. 4. Mr. Silver later filed an amended complaint. Dkt. 7. Having reviewed the amended complaint, the Court finds that it does not state a basis for this Court to exercise personal jurisdiction over the Defendant and it appears to be filed in the wrong venue. Mr. Silver is therefore ordered to file a proposed second amended complaint no later than August 11, 2026. If an amended complaint

is not filed, or if it contains similar defects, the Court will dismiss this case without prejudice under 28 U.S.C. § 1915(e)(2)(B).

## II. LEGAL STANDARDS

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A self-represented plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff must explain to the Court the underlying facts that, if true, would show that the defendant has violated their legal rights—such as the who, what, where, when, and why of the alleged violation. Unless it is clear a self-represented plaintiff cannot fix the problems in their complaint by providing additional facts, the Court will provide the plaintiff with an opportunity to amend the complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any

amendment." (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010))).

## III. DISCUSSION

In his amended complaint, Mr. Silver brings Section 1983 claims for declaratory and injunctive relief against Defendant Laura Rich, the director of the Nevada Department of Human Services. Dkt. 7 at 1. Mr. Silver alleges that Rich violated his Fourteenth Amendment due process rights when her department notified the federal government that he owed more than $2,500 in past-due child support, leading to the revocation of his U.S. passport. *Id.* at 1–2.

But it appears from the face of Mr. Silver's complaint that this Court may not exercise personal jurisdiction over Smith, and that this district is not the proper venue for this lawsuit. "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015) (citing *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wn. App. 462, 465, 975 P.2d 555 (1999)). Accordingly, "the jurisdictional analysis under state law and federal due process are the same." *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)).

Under federal law, personal jurisdiction over a defendant satisfies due process if they "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "[T]here are two forms that personal jurisdiction may take: general and specific." *Picot v.*

*Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Although it is not clear from the complaint, the Court draws all inferences in Mr. Silver's favor, and infers that he is claiming Rich is subject to specific jurisdiction.

The Ninth Circuit applies a three-prong test to determine whether a defendant had sufficient contacts with the forum state to be subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of establishing the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076.

Here, there are no facts alleged in the complaint that would demonstrate the Court's specific personal jurisdiction over Defendant Rich. All the relevant acts Rich is alleged to have committed occurred within the state of Nevada.

Under the federal venue statute, 28 U.S.C. § 1391, a civil action may be brought in the judicial district where (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no other district in which the action may be brought under the first two sections, in any district in which any defendant is subject to the court's personal jurisdiction. Here, the District of Nevada would be the proper venue under both sections (1) and (2). When "venue is improper, the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).

Because, at least at the pleading stage, these defects could potentially be cured through the allegation of additional facts, the Court will allow Mr. Silver an opportunity to amend his complaint.

## IV. CONCLUSION

Mr. Silver must file a proposed second amended complaint no later than August 11, 2026. If Mr. Silver does not file an amended complaint, or if the amended complaint fails to cure the defects discussed above, the Court will dismiss the case without prejudice so that Mr. Silver may pursue his claims in the District of Nevada.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 21st day of July, 2026.

Tiffany M. Cartwright
United States District Judge